AO 241
(Rev. 12/04)

RECEIVED
JUN 0 7 2023
U.S. District Court
Middle District of TN

# Petition for Relief From a Conviction or Sentence By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

## Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a <u>federal</u> judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

    Clerk, United States District Court for _____
    Address
    City, State Zip Code

9. **CAUTION: You must include in this petition <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
# HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District | Middle District of Tennessee |
|---|---|---|
| Name (under which you were convicted): Donald Jay Vaughn | | Docket or Case No.: 03-23-0580 |
| Place of Confinement: Riverbend Maximum Security Institution | | Prisoner No.: 399556 |

Petitioner (include the name under which you were convicted)     Respondent (authorized person having custody of petitioner)

Donald Jay Vaughn     v.     Zachary Pounds, Warden

The Attorney General of the State of     Tennessee

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   Criminal Court for Davidson County at Nashville, Division IV

   (b) Criminal docket or case number (if you know): 2009-C-2285

2. (a) Date of the judgment of conviction (if you know): December 6, 2010
   (b) Date of sentencing: March 14, 2011

3. Length of sentence: 48 years at 100%

4. In this case, were you convicted on more than one count or of more than one crime? Yes ✓ No ❏

5. Identify all crimes of which you were convicted and sentenced in this case: 2 counts of Aggravated Rape

6. (a) What was your plea? (Check one)
   (1) Not guilty ❏     (3) Nolo contendere (no contest) ❏
   (2) Guilty ✓         (4) Insanity plea ❏

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?
   Not Applicable

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☐     Judge only ☑

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☑   No ☐

8. Did you appeal from the judgment of conviction?

Yes ☑   No ☐

9. If you did appeal, answer the following:
(a) Name of court: __Court of Criminal Appeals at Nashville__
(b) Docket or case number (if you know): __M2011-00937-CCA-R3-CD__
(c) Result: __Judgment of the trial court affirmed__
(d) Date of result (if you know): __April 11, 2013__
(e) Citation to the case (if you know): __State vs. Vaughn, 2013-WL-1461774__
(f) Grounds raised: __(1) Trial court erred by denying motion to withdraw guilty plea;__
__(2) guilty plea was not valid because state failed to prove an essential element;__
__(3) trial court erred in imposing consecutive sentences__

(g) Did you seek further review by a higher state court?   Yes ☑   No ☐

If yes, answer the following:
(1) Name of court: __Supreme Court of Tennessee__
(2) Docket or case number (if you know): _____
(3) Result: __Application for Permission to Appeal Denied by Supreme Court.__

(4) Date of result (if you know): __September 16, 2013__
(5) Citation to the case (if you know): __2013-WL-1461774__
(6) Grounds raised: __Same issues as were raised on first tier direct appeal.__

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑

If yes, answer the following:
(1) Docket or case number (if you know): __Not applicable__

(2) Result: ___Not applicable___

(3) Date of result (if you know): ___Not applicable___

(4) Citation to the case (if you know): ___Not applicable___

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

    Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: ___Criminal Court for Davidson County, Tennessee, Division IV___

    (2) Docket or case number (if you know): ___2009-C-2285___

    (3) Date of filing (if you know): ___February 10, 2013___

    (4) Nature of the proceeding: ___Petition For Post Conviction Relief___

    (5) Grounds raised: ___(1) Conviction was based on unlawfully induced guilty plea or guilty plea involuntarily entered; (2) Conviction based on unlawful failure to disclose evidence; (3) Conviction based on unconstitutional grand and petit jury; (4) ineffective assistance of counsel at all stages; (5) presentation of false testimony at sentencing hearing; (6) Withholding evidence from the defense; (7) Prosecutorial misconduct in entering ex parte evidence (phone calls); (8) Petitioner was denied a fair trial when the state entered ex parte evidence outside the bounds of the courtroom, without giving the petitioner an opportunity to hear the evidence and respond to the evidence presented___

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☑ No ☐

    (7) Result: ___Petition was denied.___

    (8) Date of result (if you know): ___September 21, 2021___

    (b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: ___Not applicable.___

    (2) Docket or case number (if you know): ___Not applicable.___

    (3) Date of filing (if you know): ___Not applicable.___

    (4) Nature of the proceeding: ___Not applicable.___

    (5) Grounds raised: ___Not applicable.___

_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?     Yes ❑   No ❑   Not applicable.

(7) Result: __Not applicable._____

(8) Date of result (if you know): __Not applicable._____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: __Not applicable._____

    (2) Docket or case number (if you know): __Not applicable.____

    (3) Date of filing (if you know): __Not applicable._____

    (4) Nature of the proceeding: __Not applicable._____

    (5) Grounds raised: __Not applicable._____

_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?     Yes ❑   No ❑

(7) Result: __Not applicable._____

(8) Date of result (if you know): __Not applicable._____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    Yes ✓   No ❑

    (2) Second petition:   Yes ❑   No ❑

    (3) Third petition:    Yes ❑   No ❑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
__Collateral Appeal of the denial of post-conviction was accomplished to the Tennessee Court of Criminal Appeals. Vaughn v. State of Tennessee, 2022 WL 2719783__

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

   CAUTION: <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

   **GROUND ONE:** Conviction was based on unlawfully induced guilty plea or guilty plea involuntarily entered without understanding the nature and consequences of the plea.

   (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
   See Attachment to Federal habeas Corpus Petition.

   (b) If you did not exhaust your state remedies on Ground One, explain why: See Attachment to Federal habeas Corpus Petition and supporting statement of facts.

   (c) **Direct Appeal of Ground One:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☑
   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: The claim involves ineffective assistance of counsel which was raised for the first time in the post-conviction proceedings.

   (d) **Post-Conviction Proceedings:**
   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☑   No ☐
   (2) If your answer to Question (d)(1) is "Yes," state:
   Type of motion or petition: Post-Conviction Petition
   Name and location of the court where the motion or petition was filed:
   Davidson County Criminal Court, Nashville, Tennessee

Docket or case number (if you know): **No. 2009-C-2285**

Date of the court's decision: **September 21, 2021**

Result (attach a copy of the court's opinion or order, if available): **Copy attached as Exhibit G to the instant petition.**

(3) Did you receive a hearing on your motion or petition?

Yes ✓    No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ✓    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ✓    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Tennessee Court of Criminal Appeals, Vaughn v. State M2021-01180-CCA-R3-PC**

Docket or case number (if you know): **M2021-01180-CCA-R3-PC**

Date of the court's decision: **July 14, 2022**

Result (attach a copy of the court's opinion or order, if available): **Copy attached.**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **See attachment to the instant petition and supporting statement of facts. See also Claim Three to the instant petition.**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **None.**

GROUND TWO: **Denial of effective assistance of counsel at all stages of the proceedings.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): **See Attachment to Federal Habeas Corpus Petition and supporting statement of facts.**

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____
_See attachment for arguments concerning exhaustion of state remedies._

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _The claim involves ineffective assistance of counsel which was raised for the first first time on collateral appeal in the post conviction petition._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _State Petition for Post-Conviction Relief_

Name and location of the court where the motion or petition was filed: _Davidson County Criminal Court, Nashville, Tennessee_

Docket or case number (if you know): _No. 2009-C-2285_

Date of the court's decision: _September 21, 2021_

Result (attach a copy of the court's opinion or order, if available): _Copy attached as Exhibit G to the instant petition.._

(3) Did you receive a hearing on your motion or petition?

Yes ☑   No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☑   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Tennessee Court of Criminal Appeals, Vaughn v. State M2021-01180-CCA-R3-PC_

Docket or case number (if you know): M2021-01180-CCA-R3-PC

Date of the court's decision: July 14, 2022

Result (attach a copy of the court's opinion or order, if available): Copy attached to the instant petition.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: See attachment to federal habeas corpus petition and supporting statement of facts. See also Claim Three to the instant petition.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: None.

**GROUND THREE:** The TCCA determination that the issues identified in Claim One and Claim Two of the instant petition were "previously determined" creates no bar to

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Federal habeas Corpus Review pursuant to § 2254. See supporting statement of facts and Attachment to Federal Habeas Corpus Petition.

(b) If you did not exhaust your state remedies on Ground Three, explain why: Ground Three involves an issue related to the TCCA issue of whether the presented issues were previously determined.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: The issue did not come up until the TCCA opinion July 14, 2022.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     Yes ❏     No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: __Not applicable.__

Name and location of the court where the motion or petition was filed: __Not Applicable.__

Docket or case number (if you know): __Not applicable.__

Date of the court's decision: __Not applicable.__

Result (attach a copy of the court's opinion or order, if available): __Not applicable.__

(3) Did you receive a hearing on your motion or petition?
    Yes ❏  No ☑

(4) Did you appeal from the denial of your motion or petition?
    Yes ❏  No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
    Yes ❏  No ☑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __Not applicable.__

Docket or case number (if you know): __Not applicable.__

Date of the court's decision: __Not applicable.__

Result (attach a copy of the court's opinion or order, if available): __Not applicable.__

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: __Unable to raise an issue that was first presented by the TCCA on first tier collateral appeal by the TCCA.__

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: __See attachment to petition for federal habeas corpus along with supporting statement of facts.__

**GROUND FOUR:** See "Claim Four" in the Attachment to Federal Habeas Corpus Petition (28 U.S.C. § 2254) and Statement of Facts in support thereof.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See "Claim Four" in the Attachment to Federal Habeas Corpus Petition (28 U.S.C. § 2254) and Statement of Facts in support thereof.

(b) If you did not exhaust your state remedies on Ground Four, explain why:
See "Claim Four" in the Attachment to Federal Habeas Corpus Petition (28 U.S.C. § 2254) and Statement of Facts in support thereof.

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑   Did not appeal this issue.

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:
See "Claim Four" in the Attachment to Federal Habeas Corpus Petition.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ❑   No ☑

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Not applicable.

Name and location of the court where the motion or petition was filed: Not applicable.

Docket or case number (if you know): Not applicable.

Date of the court's decision: Not applicable.

Result (attach a copy of the court's opinion or order, if available): Not applicable.

    (3) Did you receive a hearing on your motion or petition?

        Yes ❑   No ❑   Not applicable.

    (4) Did you appeal from the denial of your motion or petition?

        Yes ❑   No ❑   Not applicable.

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏ No ❏ Not applicable.

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Not applicable.

Docket or case number (if you know): Not applicable.

Date of the court's decision: Not applicable.

Result (attach a copy of the court's opinion or order, if available): Not applicable.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: See attachment to federal habeas corpus petition and statement of facts.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: None.

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes ❏ No ✔

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Please see attachment to federal habeas corpus petition along with the statement of facts in support thereof.

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Only Claim Three for the reasons asserted in Claim Three.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ❏ No ✔

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____
Not applicable

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   Yes ☐   No ☑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.   Not applicable

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: Mark A. Kovach, BPR #020841, 300 James Robertson Parkway, Suite 103, Nashville, Tennessee 37206-3791

    (b) At arraignment and plea: Mark A. Kovach, BPR #020841, 300 James Robertson Parkway, Suite 103, Nashville, Tennessee 37206-3791

    (c) At trial: (At voir dire) Mark A. Kovach, BPR #020841, 300 James Robertson Parkway, Suite 103, Nashville, Tennessee 37206-3791

    (d) At sentencing: Robert J. Turner, BPR #015107, Turner Law Offices, 500 Church Street, Suite 210, Nashville, Tennessee 37219

    (e) On appeal: Robert J. Turner, BPR #015107, Turner Law Offices, 500 Church Street, Suite 210, Nashville, Tennessee 37219

    (f) In any post-conviction proceeding: Ryan Caldwell, BPR # 022037, 3200 West End Avenue, Suite 500, Nashville, Tennessee 37203

    (g) On appeal from any ruling against you in a post-conviction proceeding: Ryan Caldwell, BPR # 022037, 3200 West End Avenue, Suite 500, Nashville, Tennessee 37203

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: __Not applicable__

(b) Give the date the other sentence was imposed: __Not applicable__

(c) Give the length of the other sentence: __Not applicable__

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ❏   No ☑

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* __This petition is timely because the one-year statute of limitation was not over at the time of the filing. Specifically, the petitioner had until June 11, 2023 to file.__

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: __render the petitioner's plea invalid and his conviction of 2 counts of aggravated rape and sentence to 2-consecutive 24 year sentences void; and__

or any other relief to which petitioner may be entitled.

_Pro se_
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __May 26, 2023__ (month, date, year).

Executed (signed) on __May 26, 2023__ (date).

_Donald Vaughn_
Signature of Petitioner



*(...continued)
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

* * * * *





Donald J. Vaughn, #399556
R.M.S.I., 6A-106
7475 Cockrill Bend Blvd.
Nashville, Tennessee 37209

RECEIVED
JUN 02 2023
MAILROOM
OUTGOING LEGAL

CLERK OF COURT
United States District Court
Fred Thompson U.S. Courthouse
719 Church Street
Nashville, Tennessee 37203